## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **KIRA FRANKLYN** | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) Case No. 1:23-CV-1296. LMB/LRV |
| | ) |
| **LIFE ASSET INC, EXPERIAN** | ) |
| **INFORMATION SOLUTIONS INC, and** | ) |
| **TRANSUNION LLC** | ) |
| **Defendants.** | ) |

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Kira Franklyn as and for her Complaint respectfully alleges as follows:

### I.   INTRODUCTION

1.    This is a civil action by Plaintiff, an individual consumer, seeking actual, statutory and punitive money damages, and costs against Defendants Life Asset Inc ("Life Asset"), Experian Information Solutions Inc. ("Experian"), and Transunion LLC ("Transunion") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

### II.   JURISDICTION AND VENUE

2.    Jurisdiction of this court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331. Venue in this District is proper in that the Defendants transact business in Alexandria, Virginia and the conduct complained of occurred in Alexandria, Virginia.

1

### III.   PARTIES

3.      Plaintiff is a natural person residing in Alexandria, Virginia.

4.      Plaintiff is a "consumer" as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a, (b) and (c).

5.      Upon information and belief, Defendant Life Asset is a District of Columbia corporation duly authorized and qualified to do business in the state of Virginia.

6.      Upon information and belief, Defendant Experian is an Ohio corporation duly authorized and qualified to do business in the state of Virginia.

8.      Upon information and belief, Defendant Transunion is an Illinois corporation duly authorized and qualified to do business in the State of Virginia.

9.      Upon information and belief, Defendants Experian and Transunion are consumer reporting agencies (CRAs) and disburse consumer reports to third parties under contract for monetary compensation.

### IV.   FACTS OF THE COMPLAINT

10.     In April 2023, Plaintiff obtained a copy of her consumer report and discovered incomplete, inaccurate, false information furnished by Defendant Life Asset, specifically Account No. 191166* was reporting as a charge-off in the amount of $667.00.

11.     On or about February 2, 2023 Defendant Life Asset entered into an agreement with Plaintiff allowing for a change in the monthly payment due date from the 1st to the 15th of each month.

2

12. On or about February 25, 2023, Defendant Life Asset began deducting monthly payments pursuant to the agreed upon monthly payment date of the 15th of each month.

13. Despite Defendant Life Asset informing Plaintiff that the new monthly payment date was acceptable, Defendant Life Asset inaccurately reported the tradeline as a charge-off and wrote off the account in error.

14. The FCRA demands of CRAs that they utilize reasonable procedures to assure maximum possible accuracy of the information they report. 15 U.S.C. §1681e(b). When a consumer disputes an item of information, the agency must investigate the dispute and, if the information cannot be verified, delete it. 15 U.S.C. §1681i.

15. Also, when a consumer disputes the accuracy of information through the CRAs, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

16. On or about April 12, 2023, May 18, 2023, June 22, 2023, July 12, 2023, July 31, 2023 and September 18, 2023 Plaintiff sent written disputes to Defendants Experian and Transunion disputing the completeness and/or accuracy of the aforementioned tradeline.

17. Upon information and belief, Defendants Experian and TransUnion sent a dispute to Defendant Life Asset providing all relevant disputed information.

18.     Upon information and belief, Defendant Life Asset verified to Defendants Experian and TransUnion that the tradeline was accurate.

19.     In September 2023, Plaintiff noticed that despite her disputes, the alleged tradeline was still being reported inaccurately on her consumer report.

20.     As a result of the actions and inactions of Defendants, Plaintiff suffered damages, including but not limited to her FICO scores being lowered as a result of the inaccurate reporting, resulting in her either being denied credit or being granted credit with a much higher interest rate and/or unfavorable financing terms, inability to apply for credit or loans, inability to apply for a promotion at work, severe humiliation, emotional distress and mental anguish which resulted in hospitalization.

## V. FIRST CLAIM FOR RELIEF
### 15 U.S.C. § 1681s-2(b)(1)(A)
### Defendant Life Asset

21.     Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

22.     Defendant has violated 15 U.S.C. § 1681s-2(b)(1)(A) in that they failed to conduct a reasonable investigation regarding the inaccurate information that was furnished to the Consumer Reporting Agencies.

23.     Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

24.     Defendant's conduct was negligent and/or willful.

25.     Plaintiff is entitled to actual damages, punitive damages, and costs for Defendant's willful acts pursuant to 15 U.S.C. § 1681n.

26.     Alternatively, Plaintiff is entitled to actual damages and costs if Defendant's violations are negligent, pursuant to 15 U.S.C. §1681o.

## VI. SECOND CLAIM FOR RELIEF
### 15 U.S.C. §1681s-2(b)(1)(B)
### Defendant Life Asset

27.     Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

28.     Defendant violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information forwarded to them by the consumer reporting agencies.

29.     Defendant caused injury in fact, by causing, among other things, mental and emotional distress, damage to Plaintiff's credit reputation and rating, and other injuries and damages to Plaintiff.

30.     Defendant's conduct was negligent and/or willful.

31.     Plaintiff is entitled to recover actual damages, punitive damages and costs pursuant 15 U.S.C. § 1681n.

32.     Alternatively, Plaintiff is entitled to actual damages and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## VII. THIRD CLAIM FOR RELIEF
### 15 U.S.C. §1681s-2(b)(1)(C)
### Defendant Life Asset

33.     Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

34.     Defendant violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report accurate information about the alleged debts.

35.     Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

36.     Defendant's conduct was negligent and/or willful.

37.     Plaintiff is entitled to recover actual damages, punitive damages and costs pursuant to 15 U.S.C. § 1681n.

38.     Alternatively, Plaintiff is entitled to actual damages and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## VIII. FOURTH CLAIM FOR RELIEF
### 15 U.S.C. §1681s-2(b)(1)(D)
### Defendant Life Asset

39.     Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

40.     Defendant violated 15 U.S.C. § 1681s-2(b)(1)(D) by failing to report accurate information to the consumer reporting agencies and continuing to report information that was false, inaccurate and unverifiable.

41.     Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

42.     Defendant's conduct was negligent and/or willful.

6

43.    Plaintiff is entitled to recover actual damages, punitive damages, and costs pursuant 15 U.S.C. § 1681n.

44.    Alternatively, Plaintiff is entitled to recover actual damages and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## IX. FIFTH CLAIM FOR RELIEF
### 15 U.S.C. §1681s-2(b)(1)(E)
### Defendant Life Asset

45.    Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

46.    Defendant violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to have procedures in their system and failing to have a procedure with the consumer reporting agencies to (i) modify the inaccurate information in their system, (ii) delete the inaccurate or unverifiable, erroneous information, or (iii) block the re-reporting of inaccurate or unverifiable information.

47.    Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

48.    Defendant's conduct was negligent and/or willful.

49.    Plaintiff is entitled to recover actual damages, punitive damages and costs pursuant 15 U.S.C. § 1681n.

50.    Alternatively, Plaintiff is entitled to recover actual damages and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## X. SIXTH CLAIM FOR RELIEF
### U.S.C. § 1681e(b)

**Defendants Experian and Transunion**

51.     Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

52.     Defendants have violated 15 U.S.C. §1681e(b) by continuing to report the erroneous information in Plaintiff's credit profile thereby failing to maintain reasonable procedures in operations designed to assure maximum possible accuracy in the credit reports published.

53.     Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

54.     Defendants have done so either negligently or willfully.

55.     Plaintiff is entitled to actual damages, punitive damages and costs pursuant to 15 U.S.C. §1681n.

56.     Alternatively, Plaintiff is entitled to actual damage and costs if the violation is negligent, pursuant to 15 U.S.C. § 1681o.

## XI.   SEVENTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(2)
### Defendants Experian and Transunion

57.     Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

58.     Defendants have violated 15 U.S.C. § 1681i(a)(2) in that they failed to consider and forward all relevant information to the furnisher of information.

59. Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

60.     Defendants have done so either negligently or willfully.

61.     Plaintiff is entitled to actual damages, punitive damages and costs pursuant to 15 U.S.C. § 1681n.

62.     Alternatively, Plaintiff is entitled to actual damages and costs if the violation is negligent, pursuant to 15 U.S.C. § 1681o.

## XII. EIGHTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(4)
### Defendants Experian and Transunion

63.     Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

64.     Defendants have violated 15 U.S.C. §1681i(a)(4) in that they failed to delete information that was inaccurate or could not be verified.

65.     Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damage to Plaintiff.

66.     Defendants have done so either negligently or willfully.

67.     Plaintiff is entitled to actual damages, punitive damages and costs pursuant 15 U.S.C. § 1681n.

68.     Alternatively, Plaintiff is entitled to actual damages and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## XIII. NINTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(5)
### Defendants Experian and Transunion

69.     Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

70.     Defendants have violated 15 U.S.C. § 1681i(a)(5) in that they failed to have a procedure to prevent the reoccurrence of inaccurate or unverifiable information.

71.     Defendants have caused injury in fact by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

72.     Defendants have done so either negligently or willfully.

73.     Plaintiff is entitled to actual damages, punitive damages and costs pursuant 15 U.S.C. § 1681n.

74.     Alternatively, Plaintiff is entitled to actual damages and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## XIV. TENTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(6)(B)(iii)
### Defendants Experian and Transunion

75.     Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

76.     Defendants have violated 15 U.S.C. § 1681i(a)(6)(B)(iii) in that they failed to have a procedure to prevent giving false information upon re-investigation.

77.     Defendants have caused injury in fact by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

78.     Defendants have done so either negligently or willfully.

79.     Plaintiff is entitled to actual damages, punitive damages and costs pursuant 15 U.S.C. § 1681n.

80.     Alternatively, Plaintiff is entitled to actual damages and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## XV.    JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests a jury trial and entry of judgment in favor of Plaintiff and against Defendants for:

A.      Actual or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A).

B.      Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

C.      Costs pursuant to 15 USC § 1681n(a)(3);

D.      For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: September 26, 2023                By: *s/ Kira Franklyn*
                                        Kira Franklyn
                                        2470 Mandeville Ln, Apt. 1613
                                        Alexandria, VA 22314

11

Kira.Franklyn@gmail.com
*PLAINTIFF (Pro Se)*
646.404.4092

**12**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
_ALEXANDRIA_ **DIVISION**

KIRA FRANKLIN
_____
Plaintiff(s),

v.

LIFE ASSET INC., ET AL
_____
Defendant(s).

Civil Action Number: 1:23-CV-1296

---

## LOCAL RULE 83.1(M) CERTIFICATION

I declare under penalty of perjury that:

No attorney has prepared, or assisted in the preparation of COMPLAINT AND DEMAND FOR
(Title of Document) JURY TRIAL

KIRA FRANKLIN
_____
Name of _Pro Se_ Party (Print or Type)

_____
Signature of _Pro Se_ Party

Executed on: 9/26/2023 (Date)

**OR**

The following attorney(s) prepared or assisted me in preparation of _____.
(Title of Document)

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document

_____
(Name of _Pro Se_ Party (Print or Type)

_____
Signature of _Pro Se_ Party

Executed on: _____ (Date)