IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| KIRA FRANKLYN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LIFE ASSET INC, <u>et al.</u>, )<br>)<br>Defendants. ) | 1:23-cv-1296 (LMB/LRV) |

<u>ORDER</u>

Before the Court is defendant Experian Information Solution's ("Experian") Motion for Judgment on the Pleadings[1] pursuant to Fed. R. Civ. P. 12(c) [Dkt. No. 37], requesting that the Court dismiss <u>pro se</u> plaintiff Kira Franklyn's ("plaintiff") Federal Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, <u>et seq.</u>, claims because the Court has already "noted that [p]laintiff was unquestionably delinquent in her repayment" of the loan at issue, "which constituted default under the plain terms of the note." [Dkt. No. 37] at 1-2. In response, plaintiff has filed a Motion to Leave for Amended Complaint [sic] [Dkt. No. 40], which "aims to provide a clearer and more detailed account of the circumstances surrounding the claims, including new facts, claims and clarifications necessary to properly state the claims against the [d]efendants." [Dkt. No. 40]. Experian has filed an opposition to plaintiff's request to amend the Complaint, and, for the reasons that follow, defendant's Motion for Judgment on the Pleadings [Dkt. No. 37] will be

---

[1] Experian attached a <u>Roseboro</u> Notice to its Motion for Judgment on the Pleadings and waived oral argument. <u>See</u> [Dkt. No. 37, 39].

granted and plaintiff's Motion to Leave for Amended Complaint [sic] [Dkt. No. 40] will be denied.

On September 22, 2021, defendant Life Asset, a District of Columbia micro-loan provider, issued plaintiff a $1,500.00 small business loan for which plaintiff signed a promissory note "promis[ing] to pay" Life Asset $129.34 each month, starting on November 3, 2021, for twelve months. The note had a maturity date of October 3, 2022. [Dkt. No. 9-1]. Plaintiff also "authorize[d]" Life Asset to "report [plaintiff's] loan payments, missed payments, and other defaults to one or more of the following credit bureaus: Transunion, Experian, and Equifax." Id. Despite the promissory note's clear language, plaintiff failed to timely pay the full amount of the loan by the maturity date. As a result, in January 2023, Life Asset charged off the balance remaining on plaintiff's business loan in the amount of $667.00. [Dkt. No. 9] at 1. On February 2, 2023, plaintiff entered into a new repayment plan with Life Asset and ultimately paid off the loan in July 2023, nine months after the date of maturity. Id. at 1-2.

On September 26, 2023, plaintiff, proceeding pro se, filed a ten-count Complaint against Life Asset, Transunion,[2] and Equifax (collectively, "defendants"), alleging violations of the FCRA because defendants inaccurately reported her loan as charged off. [Dkt. No. 1] ¶¶ 10-20. On October 19, 2023, Life Asset moved for dismissal, arguing that it did not inaccurately report plaintiff's loan because she had not paid the full amount of the loan by the date of maturity. The Court agreed and dismissed Life Asset from the action, explaining that because plaintiff was "almost four months late [on her loan repayment]," the note was in default, and there was

---

[2] Transunion filed a Notice of Dismissal on October 30, 2023, and all claims against it were dismissed with prejudice. [Dkt. No. 21].

nothing that prevented the credit company, at that point, "from writing off the note." Transcript of November 20, 2023 Hearing 4:22-5:1.

Relying on the Court's dismissal of Life Asset, Experian has filed a Motion for Judgment on the Pleadings, similarly arguing that because it "reported the loan information as it was furnished to Experian from Life Asset," it could not have violated the FCRA. [Dkt. No. 37] at 3. As the Court has found, the Complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face,'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)), because it does not allege a cognizable inaccuracy. See Dalton v. Capital Associated Indus., Inc., 257 F.3d 409, 415 (4th Cir. 2001) ("[A] consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information.") (citing Guimond v. Trans Union Credit Info. Co., 45 F.3d 1329, 1333 (9th Cir. 1995)).

Because plaintiff was late in making her payments, the loan was in default and by the terms of the promissory note, Life Asset was well within its rights to report the note to Experian as having been charged off. Although plaintiff ultimately entered into a new repayment plan under which she paid the loan in full, this fact does not change the accuracy of the report about her delinquency to pay the note. Accordingly, as the Court explained at the November 2023 hearing, Life Asset accurately reported the account as charged off, and by extension Experian did as well.

Plaintiff seeks to amend her Complaint to "properly state the claims against the [d]efendants," [Dkt. No. 40] at 1; however, amendment of the Complaint would be futile. Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (explaining that leave to amend should be denied

when "the amendment would be futile"). Although the Court appreciates that plaintiff is proceeding pro se, amendment to the Complaint would not cure the crucial defect that plaintiff did not pay the full amount of the loan by its maturity date. See Dalton v. Capital Associated Indus., Inc., 257 F.3d 409, 415 (4th Cir. 2001) ("[A] consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information."). Accordingly, defendant Experian Information Solution's Motion for Judgment on the Pleadings [Dkt. No. 37] is GRANTED and plaintiff Kira Franklyn's Motion to Leave for Amended Complaint [sic] [Dkt. No. 40] is DENIED. Because Experian is the last remaining defendant in this action, it is hereby

ORDERED that plaintiff's Complaint [Dkt. No. 1] be and is DISMISSED WITH PREJUDICE.

To appeal this decision, plaintiff must file a written notice of appeal with the Clerk of the Court within thirty (30) days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives plaintiff's right to appeal this decision.

The Clerk is directed to enter judgment in favor of defendants under Fed. R. Civ. P. 58; forward copies of this Order to counsel of record and plaintiff, pro se; and close this civil action.

Entered this 22nd day of January, 2024.

Alexandria, Virginia

/s/ 
Leonie M. Brinkema
United States District Judge